Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| AMY E. DAVIS<br><br>Parte Recurrente<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE SAN JUAN; OFICINA DE PERMISOS DEL MUNICIPIO AUTÓNOMO DE SAN JUAN<br><br>Parte Recurrida | TA2025RA00418 | *Revisión Decisión Administrativa procedente de la Oficina de Permisos del Municipio Autónomo de San Juan*<br><br>Caso núm.: 25OP68346QCSA<br><br>Sobre: Multa Administrativa |
| --- | --- | --- |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Robles Adorno, Juez Ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 13 de febrero de 2026.

El 22 de diciembre de 2025, la señora Amy E. Davis (la señora Davis o la recurrente), por derecho propio, presentó una *Petición de Revisión Judicial* en la que solicitó que revoquemos la *Resolución de archivo por falta de jurisdicción* emitida y notificada el 15 de diciembre de 2025 por la Oficina de Permisos del Municipio de Autónomo de San Juan (parte recurrida).[1]

En el aludido dictamen, la parte recurrida declaró No Ha Lugar la *Solicitud de Reconsideración* toda vez que, la señora Davis incumplió con el término jurisdiccional para presentar una reconsideración.

Por los fundamentos que expondremos a continuación, confirmamos la *Resolución* recurrida.

---

[1] Apéndice de la Petición de Revisión Administrativa, Anejo 2.

**I.**

El caso de autos tuvo su origen el 29 de septiembre de 2025, cuando la parte recurrida presentó en la propiedad de la señora Davis una *Querella Núm. 25OP-68346QC-SA POR CONSTRUCCIÓN SIN PERMISO EN EL MUNICIPIO DE SAN JUAN VILLA NEVAREZ 1052, CALLE 10 9086-030-089-10-802)* en la que multó a la señora Davis, por el monto de $2,000.00, tras construir en un segundo nivel, accesorio al patio posterior, sin los permisos correspondientes.[2] En la multa fue anejado un documento en el que esbozaba los fundamentos por los que fue multada y fue debidamente advertida acerca de los términos para instar una moción de reconsideración y recurso de revisión judicial.

El 11 de noviembre de 2025, la señora Davis instó una *Solicitud de reconsideración de multa administrativa No. 005776 Querella Núm. 250p-68346QC-SA* en la que alegó que, luego de advenir en conocimiento sobre la multa administrativa, inició los trámites de rigor para obtener los correspondientes permisos de construcción.[3] Por tanto, tras cumplir con la reglamentación de la parte recurrida solicitó que el organismo administrativo reconsiderara y eliminara la multa emitida.

En respuesta, el 15 de diciembre de 2025, la parte recurrida emitió una *Resolución de archivo por falta de jurisdicción* en la que resolvió que, conforme a la Sección 11.5.1 del Reglamento Conjunto 2023, una parte adversamente afectada por una multa expedida por la Oficina de Permisos del Municipio de San Juan tiene veinte (20) días para radicar una moción de reconsideración.[4] Por ende, tras haber transcurrido el término citado para presentar oportunamente una reconsideración, la parte recurrida declaró No Ha Lugar la reconsideración.

---

[2] *Íd.*, Anejo 1.
[3] *Íd.*, Anejo 4.
[4] *Íd.*, Anejo 1.

Inconforme, el 22 de diciembre de 2025, la señora Davis compareció ante nos y formuló los siguientes errores:

Primer error: Erró la Oficina de Permisos al concluir que carecía de jurisdicción para atender la Solicitud de Reconsideración, al computar el término jurisdiccional desde la fecha de emisión de la multa y no desde la fecha de la notificación efectiva, en violación al debido proceso de ley.

Segundo error: Erró la agencia al archivar la solicitud sin adjudicar los méritos, a pesar de que la peticionaria había obtenido el permiso con anterioridad a la notificación y subsanando completamente cualquier alegado incumplimiento sin perjuicio al interés público.

Tercer error: Erró la Oficina de Permisos al adoptar una interpretación arbitraria, irrazonable y caprichosa de su reglamentación, que priva a la parte afectada de un remedio administrativo antes de tener conocimiento real de la actuación impugnada.

En atención a nuestra *Resolución*, el 22 de enero de 2025, la parte recurrida instó una Moción solicitando desestimación.

Con el beneficio de la comparecencia de las partes, procederemos a resolver el caso de autos.

**II.**

**A.**

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante entre las partes. *MCS Advantage, Inc. V. Fossas Blanco*, 211 DPR 135, 144 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385–386 (2020); *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). Los tribunales estamos impedidos de atender controversias en las que carezcamos de jurisdicción sobre la materia. *MCS Advantage, Inc. V. Fossas Blanco, supra,* pág. 144-145. La jurisdicción sobre la materia ha sido definida como "la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Rodríguez Rivera v. De León Otaño,* 191 DPR 700, 708 (2014).

Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la tienen. *SLG Szendrey Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Morán v. Martí*, 165 D.P.R. 356 (2005). Los asuntos relacionados a la jurisdicción son privilegiados y deben resolverse con preferencia a cualquiera otro asunto. *SLG Szendrey Ramos v. F. Castillo*, supra pág. 882. Los tribunales deben examinar su propia jurisdicción, así como del foro de donde procede el recurso ante su consideración. *SLG Szendrey Ramos v. F. Castillo,* supra pág. 883.

**B.**

El Derecho Administrativo regula "los trámites, los poderes y las responsabilidades de las agencias administrativas, las exigencias legales para efectuar tales acciones y los remedios que tienen disponibles las partes afectadas por la actuación de una agencia". *Autoridad de Carreteras y Transportación v. Programa de Solidaridad UTIER*, 210 DPR 897, 907 (2022). La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9601, *et.seq.*, rige un procedimiento uniforme de la revisión judicial para cuestionar la determinación de una agencia o la acción tomada por la agencia al adoptar un reglamento. *Vitas Health Care v. Hospicio La Fe et al.*, 190 DPR 56, 66 (2014); *Autoridad de Carreteras y Transportación v. Programa de Solidaridad UTIER*, *supra*, pág. 907. Con ello la Sección 3.15 de la LPAU, *supra* sec. 9655 establece que,

> **La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden**. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para

solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración.

(Énfasis nuestro).

Referente a la controversia ante nos, la Sección 11.5.1.1 del Reglamento Conjunto de 2023, dispone que,

> La parte afectada por una determinación final de la Junta de Planificación tendrá un término jurisdiccional de veinte (20) días naturales, contados desde la fecha de archivo en autos de la notificación de dicha determinación final por parte de la Junta de Planificación, para presentar una solicitud de reconsideración.

Ahora bien, una parte tiene derecho a cuestionar una determinación de una agencia mediante un recurso de revisión judicial. *Autoridad de Carreteras y Transportación v. Programa de Solidaridad UTIER*, *supra*, pág. 908; *Asoc. Condómines v. Meadows Dev.*, 190 DPR 843, 847 (2014). El mecanismo de revisión judicial se extiende a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por las agencias o funcionarios administrativos. *Edward Simpson* v. *Consejo de Titulares y Junta de Directores del Condominio Coral Beach*, 214 DPR 370, 378 (2024). El escrito de revisión judicial deberá presentarse dentro del término de treinta (30) días a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de la LPAU, *supra*, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. Sección 4.2 *supra* sec. 9672; Regla 57 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

**III.**

En virtud de las normas jurídicas pormenorizadas resolvemos que la parte recurrida actuó correctamente en desestimar la *Solicitud de reconsideración de multa administrativa No. 005776 Querella Núm. 250p-68346QC-SA* instada por la señora Davis tras presentar la referida moción tardíamente.

En lo pertinente, la Sección 3.15 de la LPAU dispone que una parte tiene veinte (20) días para presentar una moción de reconsideración, contados desde el archivo en autos de la notificación. También, la Sección 11.5.1.1 del Reglamento Conjunto de 2023, establece que, "tendrá un término jurisdiccional de veinte (20) días naturales, contados desde la fecha de archivo en autos de la notificación de dicha determinación final".

Tras un análisis detallado del expediente nos corresponde confirmar la determinación administrativa ante nuestra consideración. La señora Davis fue multada el día **29 de septiembre de 2025**. En dicha misiva, la parte recurrida le notificó sobre el término para instar una moción de reconsideración. No obstante, la recurrente radicó la *Solicitud de reconsideración de multa administrativa No. 005776 Querella Núm. 250p-68346QC-SA* el **11 de noviembre de 2025**. Es decir, la señora Davis presentó de forma tardía la moción de reconsideración por lo que privó de jurisdicción a la parte recurrida para atender la mencionada misiva. Ello, pues no cumplió con el término establecido en la Sección 3.15 de la LPAU, *supra* y la Sección 11.5.1.1 del Reglamento Conjunto de 2023. Asimismo, atisbamos que, la presentación tardía de la *Solicitud de reconsideración de multa administrativa No. 005776 Querella Núm. 250p-68346QC-SA* no tuvo el efecto de interrumpir el término para acudir ante nos. Consecuentemente, la parte recurrida actuó correctamente en ordenar el archivo del caso dado que la recurrente instó una moción de reconsideración tardía.

A la luz de lo esbozado, resolvemos que confirmamos la *Resolución* recurrida tras la recurrente instar una moción de reconsideración fuera del término que estatuye la Sección 3.15 de la LPAU, *supra.*[5]

**IV.**

Por los fundamentos que anteceden, confirmamos la *Resolución* recurrida.

Notifíquese.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[5] *Véase* Sección 3.15 de la LPAU, *supra.*